21-6045
Villacorta v. Garland

BIA
Conroy, IJ
A206 231 372

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-three.

PRESENT:
        DEBRA ANN LIVINGSTON,
                *Chief Judge,*
        BETH ROBINSON,
        ALISON J. NATHAN,
                *Circuit Judges.*
_____

JULIO CESAR VILLACORTA INOCENTE,
        *Petitioner,*

        v.                                                21-6045
                                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**             Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**            Brian Boynton, Acting Assistant Attorney
                                General; Carl McIntyre, Assistant Director;
                                Nancy E. Friedman, Senior Litigation
                                Counsel, Office of Immigration Litigation,
                                United States Department of Justice,
                                Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Julio Cesar Villacorta Inocente ("Villacorta"), a native and citizen of El Salvador, seeks review of a January 8, 2021, decision of the BIA affirming a December 13, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Julio Cesar Villacorta Inocente*, No. A 206 231 372 (B.I.A. Jan. 8, 2021), *aff'g* No. A 206 231 372 (Immig. Ct. N.Y.C. Dec. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**A. Jurisdiction**

Villacorta relies on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to argue that the IJ did not have jurisdiction over his removal proceedings because his notice to appear ("NTA") omitted the time and date of his hearing. This argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019), which held that a defective NTA does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *See also Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021) (upholding *Banegas Gomez* after *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021)). The omitted information from the NTA did not deprive the agency of jurisdiction because Villacorta received hearing notices and attended his hearings. *See Chery*, 16 F.4th at 986–87; *Banegas-Gomez*, 922 F.3d at 112.

**B. Adverse Credibility Determination**

"Considering the totality of the circumstances," an IJ "may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of

3

record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The IJ reasonably relied on Villacorta's inconsistent statements at his border interview and hearing. We have examined the interview record and conclude that it represents a "sufficiently accurate record" to merit consideration in determining credibility because it was conducted in Spanish, the record reflects that Villacorta understood the questions asked, and the questions and his responses appear to be transcribed verbatim. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005). Villacorta does not challenge the agency's determination that the interview record was sufficiently reliable.

Villacorta instead argues that there is no inconsistency. That contention is refuted by the record. At the IJ hearing, Villacorta testified that gang members

4

assaulted and threatened to kill him, and that he decided to come to the United States after the threats evolved to include threats against his family. In contrast, at the border interview, he said that he came to the United States to find work and planned to stay for five years. Villacorta was asked if he feared persecution or torture, if he would be harmed in El Salvador, and if he had anything else he would like to add. He replied "no" to all of these questions, despite having been instructed that the interview might be his only chance to identify a fear or concern about being removed. Villacorta did not offer explanations that resolved this inconsistency.

Moreover, the adverse credibility determination is bolstered by the lack of corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Villacorta provided two letters to support his application, one from his church in El Salvador and one from his father. But neither letter mentions that Villacorta fled because of gang recruitment or that he was assaulted or threatened.

In sum, the inconsistency about the basis for the claim and the lack of any corroboration provide substantial evidence for the adverse credibility

determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Biao Yang*, 496 F.3d at 273. We do not reach his additional arguments because the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court